IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| MARIO MENDIOLA AND CYNTHIA MENDIOLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO. C-585-11-B, Removed from the 93rd Judicial District, Hidalgo County, State of Texas |
| v. | ) ) ) | |
| REGIO & ASSOCIATES MANUFACTURERS, INC. AND HOME DEPOT USA, INC. | ) ) ) ) | |
| Defendants, | ) | |

## DEFENDANT THE HOME DEPOT USA, INC.'S NOTICE OF REMOVAL

Defendant The Home Depot U.S.A, Inc. ("Home Depot") hereby files this Notice of Removal of this action from the 93rd Judicial District Court, Hidalgo County, State of Texas, to the United States District Court for the Southern District of Texas, McAllen Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Home Depot has been sued in a civil action entitled *Mario Mendiola and Cynthia Mendiola, individually and on behalf of all others similarly situated v. Regio & Associates Manufacturers, Inc. and Home Depot U.S.A., Inc.,* Cause No. C-585-11-B, in the 93rd Judicial District Court, Hidalgo County, State of Texas (the "State Court Action").

2. Plaintiffs' Second Amended Original Petition was filed on August 23, 2011 and served on Home Depot on the same day.

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I.   HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      Plaintiffs served Home Depot with the Second Amended Original Petition on August 23, 2011, as demonstrated by the certificate of service attached to the Second Amended Original Petition.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after receipt by Home Depot, through service or otherwise, of a copy of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  Because this case is removed under the Class Action Fairness Action of 2005 ("CAFA"), Home Depot need not obtain the consent of Defendant Regio & Associates Manufacturing, Inc. to remove the case.  *See* 28 U.S.C. § 1453(b).

5.      As of the date of this removal, Home Depot has not filed a responsive pleading to the Second Amended Original Petition.  Home Depot reserves all rights to assert any and all defenses to the Second Amended Original Petition.  Home Depot further reserves the right to amend or supplement this Notice of Removal.

6.      Venue lies in the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Southern District of Texas.  The 93rd Judicial District Court, Hidalgo County, Texas, is located within the McAllen Division of the Southern District of Texas.  Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a) and LR 81, true and exact copies of all process, pleadings, and orders served on Home Depot in this matter are attached as **Exhibits B, C, and E**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the 93rd Judicial District Court of Hidalgo County, State of Texas.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under CAFA. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

9. As set forth below, this is a putative class action in which: (1) Plaintiffs allege there are 100 or more members in the alleged class; (2) members of the proposed class are citizens of different states than Home Depot; and (3) based upon the allegations in the Second Amended Original Petition and the facts set forth in the attached Declaration of Doug Spiron, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiffs' Proposed Class Consists of More Than 100 Members.

10. In the Second Amended Original Petition, Plaintiffs purport to seek damages on behalf of an alleged class including "[a]ll persons who purchased clay tile in the State of Texas from Defendant Home Depot, which tile was labeled as 'Saltillo Tile,' was not Authentic Saltillo Tile, and was manufactured by Ladrillera Mecanizada." Second Am. Original Petition ¶ 9.

11. Plaintiffs allege in the Second Amended Original Petition that "[a]lthough the exact number of Texas class members is unknown to Plaintiff[s] at this time, it is anticipated that the class is composed of at least 1000 or more members." *Id.* ¶ 16.

12. Accordingly, based on the allegations in the Second Amended Original Petition, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.   Minimal Diversity Exists.**

13. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*. . . .") (emphasis added).

14. Home Depot is, and was at the time it was served with the Second Amended Original Petition, a corporation duly organized and validly existing under the laws of the State of Delaware, which maintains its principal place of business in Georgia. Spiron Decl. ¶ 4 (Exhibit A). Home Depot, therefore, is a citizen of Delaware and Georgia.

15. Based upon the allegations of the Second Amended Original Petition, Plaintiffs are citizens of Texas. *See* Second Am. Original Petition ¶¶ 2, 8.

16. Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

### C.      The Amount-in-Controversy Requirement Is Satisfied.

#### 1.      The Amount-in-Controversy Exceeds $5 Million.

17.     Plaintiffs purport to seek damages for the "difference in the value of Authentic Saltillo Tile and the tile delivered by Defendant Home Depot, which Plaintiffs estimate to be 10¢ per tile."  Second Am. Original Petition ¶ 15.  Based on Plaintiffs' allegations, however, an appropriate measure of their purported damages under Texas law is an amount equal to what they (and the putative class members) paid for the tile they were allegedly fraudulently induced to buy.

18.     This action arises out of Home Depot's sale of tile labeled "Saltillo Tile" or "Authentic Saltillo Tile."  *Id.* ¶ 11.  Plaintiffs allege that Saltillo tile is handmade with traditional products in Saltillo, Mexico, and that the tile sold by Home Depot was not Saltillo tile.  *Id.* ¶¶ 11-12.  In other words, Plaintiffs allege that Home Depot fraudulently induced them to buy allegedly "imitation" tile.  *See id.*; *see also id.* ¶ 22 ("Plaintiffs . . . were misled in their purchase of tile by Defendant Home Depot's packaging of counterfeit Saltillo tile."); *id.* ¶ 17 (questioning "whether the tile delivered by Defendant Home Depot conformed to the description of such tile on the box").

19.     One remedy for parties, like Plaintiffs, who were allegedly fraudulently induced to enter a contract is rescission.  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 676 (Tex. 2000) (recognizing that "a defrauded party may rescind the contract or sue for damages"); *Isaacs v. Bishop*, 249 S.W.3d 100, 109 (Tex. App.–Texarkana 2008) ("Rescission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud.").  Plaintiffs did not disclaim or foreclose pursuing that remedy.  *See* Second Am. Original Petition at "Prayer for Relief" (requesting "any further relief, both at law and in equity").

Accordingly, the remedy of rescission is available in this case, and the money damages Plaintiffs could recover by seeking such a remedy -- an amount equal to the total the putative class members paid for the allegedly "imitation" tile -- is "in controversy."

20.     Since 2003, Home Depot customers have paid approximately $2.655 million for Saltillo tile in Texas.  Spiron Decl. ¶ 5.  Thus, at least $2.655 million is in controversy in this case in connection with Plaintiffs' request for monetary damages.[1]

21.     In addition to monetary damages, Plaintiffs also seek a "*permanent* injunction prohibiting Defendant Home Depot USA from selling, distributing, or packaging any tile which is not Authentic Saltillo Tile in packaging claiming the contents are Authentic Saltillo Tile." Second Am. Original Petition ¶ 23 (emphasis added.  In other words, Plaintiffs seek an injunction forever prohibiting Home Depot from selling its Saltillo tile.  Moreover, Plaintiffs do not limit the scope of the injunction they seek to Texas; they seek an order enjoining Home Depot from selling its Saltillo tile *nationwide*.

22.     Between 2008 and the present, Home Depot sold approximately $7 million of Saltillo tile, including sales of approximately $1.8 million in 2010 and 2011 (to date).  Spiron Decl. ¶ 6.  If Plaintiffs prevail on their claim for injunctive relief and Home Depot is enjoined from continuing to sell its Saltillo tile, it would reasonably stand to lose approximately $1.8 million or more in annual revenue and over $5 million in revenue within three to four years.  *Id.*; *see also Lewis v. Auto Club Family Ins. Co.*, Civil Action No. 11–169–D–M2, 2011 WL 3444312, at *3 (M.D. La. July 7, 2011) ("The amount in controversy may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type

---

[1] Plaintiffs' class definition does not include a temporal limitation on membership.  *See* Second Am. Original Petition ¶ 9.

of relief sought (e.g., damages, injunctive relief, or declaratory relief).") (internal quotation marks omitted).

23.  Plaintiffs also seek an award of attorneys' fees, which must be considered in determining the amount in controversy.  *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873-74 (5th Cir. 2002) ("[A]ttorney's fees are includable when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees, especially when the plaintiffs expressly pray for recovery of costs.") (footnotes omitted).

24.  Reasonable attorneys' fees are statutorily authorized for breach of contract claims under Texas law.  Tex. Civ. Prac. & Rem. Code § 38.001(8) ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."); *see also Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) ("Chapter 38 permits recovery of attorney's fees 'in addition to the amount of a valid claim[.]'").

25.  This Court has recognized that a reasonable award of attorneys' fees in class action cases often ranges from 18% to 36% of the benefits to the alleged class.  *In re Lease Oil Antitrust Litigation (No. II)*, 186 F.R.D. 403, 447 (S.D. Tex. 1999) (finding 25% attorneys' fee reasonable).  Thus, if Plaintiffs proved their allegations and claims for damages at trial, they could recover attorneys' fees of at least $477,900 to $955,800 based on their claims for money damages, in addition to attorneys' fees awarded based on any injunctive relief.

26.  Based on these facts, the amount in controversy of this putative class action far exceeds $5 million.

7

### 2. Plaintiffs' Purported Disclaimer of Damages Is Invalid.

27. Plaintiffs attempt to avoid federal jurisdiction under CAFA by expressly seeking damages of less than $5 million in the aggregate, exclusive of costs and interest. Second Am. Original Petition ¶ 6. Plaintiffs' purported disclaimer is unavailing and the Court should disregard it because the Fifth Circuit has held that named plaintiffs cannot disclaim damages on behalf of absent class members. *Ditcharo v. United Parcel Service, Inc.*, 376 F. App'x 432, 437-38 (5th Cir. 2010); *de Aguilar v. Boeing Co.*, 47 F.3d 1404, 1415 (5th Cir. 1995) (named plaintiffs could not limit recovery to less than the jurisdictional amount because they lacked authority to speak for unidentified plaintiffs).

28. Moreover, while Plaintiffs purport, on behalf of the absent class members, to disclaim damages of more than $5 million, the preponderance of the evidence plainly shows that the alleged class damages exceed the jurisdictional minimum, and Plaintiffs cannot show, to a legal certainty, that the alleged damages do not exceed $5 million. *See de Aguilar*, 47 F.3d at 1411; *see also Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (applying pre-CAFA burden of proof in case removed under CAFA).

29. In fact, Plaintiffs' purported disclaimer is precisely the sort of "bad faith" pleading that the Fifth Circuit has expressly disapproved. *See de Aguilar*, 47 F.3d at 1410 (expressing the court's concern about the potential for "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading").

30. Finally, Plaintiffs' disclaimer is ineffective because, by requesting a specific amount of damages, Plaintiffs violated Texas Rule of Civil Procedure 47, which provides that

"[a]n original pleading . . . shall contain . . . in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court." The Fifth Circuit has held that a plaintiff cannot avoid federal jurisdiction by expressly requesting damages under the jurisdictional threshold in violation of this rule. *de Aguilar*, 47 F.3d at 1413.

31. While Home Depot believes that class certification is not appropriate in this action and that it will prevail on the merits of Plaintiffs' claims, Home Depot has a good-faith belief based on Plaintiffs' allegations that the amount in controversy in this matter (including, but not limited to, alleged compensatory damages, injunctive relief, and attorneys' fees), exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

### III.  CONCLUSION

32. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

33. Home Depot will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of the Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the 93rd Judicial District Court of Hidalgo County, State of Texas.

34. Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal:

    1. All executed process (Exhibit B);

    2. All pleadings served on Home Depot (Exhibit C)

    3. A copy of the docket sheet in the State Court Action (Exhibit D);

    4. All orders signed by the state judge (Exhibit E);

    5.     An index of matters being filed (Exhibit F); and

    6.     A list of all counsel of record, including their addresses, telephone numbers, and the parties represented.  (Exhibit G)

WHEREFORE, Home Depot respectfully requests that this action be removed from the 93rd Judicial District Court of Hidalgo County, State of Texas, to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Respectfully submitted this 22nd day of September, 2011.

                                                  /s/ Jose E. Garcia
                                                  Jose E. Garcia
                                                     Texas Bar No. 07636780
                                                     Federal Bar No. 3934
                                                  Francisco R. Villarreal
                                                     Texas Bar No. 00789706
                                                     Federal Bar No. 20081

                                                  GARCIA & VILLAREAL LLP
                                                  4311 North McColl Road
                                                  McAllen, Texas  78504
                                                  Tel:  (956) 630-0081
                                                  Fax:  (956) 630-3631

                                                  **Counsel for Home Depot USA, Inc.**

*Of Counsel:*

Dwight J. Davis
S. Stewart Haskins
Zachary A. McEntyre
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  (404) 572-4600
Fax:  (505) 572-5100

## **CERTIFICATE OF SERVICE**

   I hereby certify that I presented the foregoing **DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL** to the Clerk of the Court for filing and uploading to the CM/ECF system.  I further certify that I mailed the foregoing document by first-class mail to the following:

      J. Michael Moore
      David J. Lumber
      GUERRA & MOORE, LTD., LLP
      4201 N. McColl Road
      McAllen, TX 78504

      ATTORNEY FOR PLAINTIFF


   This 22nd day of September, 2011.


                /s/ Jose E. Garcia
                Jose E. Garcia